Argued February 25, affirmed March 24, 1975

MORELLI, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 87715), *Appellant.*

532 P2d 1133

*Janet A. Metcalf,* Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Walter T. Aho,* Oregon City, argued the cause for respondent. With him on the brief was William E. Schumaker, Oregon City.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

.

FOLEY, J.

The Closing and Evaluation Division of the Workmen's Compensation Board awarded claimant permanent partial disability of 48 degrees unscheduled for both shoulders, 28.8 degrees right arm and 19.2 degrees left arm, a total of 96 degrees. She appealed and the hearing referee affirmed stating he could not "state with any degree of certainty * * * [that the above allowance] is incorrect." Upon review the Workmen's Compensation Board reversed the hearing referee and awarded claimant permanent total disability stating in its reversal order that the Board was persuaded that the referee "has misconstrued the evidence." The circuit court affirmed the Workmen's Compensation Board and this appeal by SAIF followed.

SAIF contends that claimant has not proven she is permanently and totally disabled. The hearing referee set forth the following in his opinion:

"* * * * *

"Claimant was 48 years old and employed as a Deputy County Clerk, acting as Chief Probate Clerk, when she filed a claim for bilateral inflammation and cysts of her breasts. The claim was filed on September 3, 1971 and ten days later claimant consulted Dr. Rudolph B. Stevens who found 'Exam shows breasts to be nontender. The pectoralis major and the subscapular muscles are sore as are the ribs in both axillary areas.' On January 13, 1972 defendant accepted claimant's claim 'for myocitis and strain of the chest muscles' and denied 'any responsibility for inflammation and cysts of the breasts.' Claimant continued to work until January, 1972 and except for a couple of days, has not worked since. In addition to Dr. Stevens

claimant has been examined or treated by Dr. John Harder, an orthopedic surgeon, Dr. Julia E. Perkins, a clinical psychologist, Dr. James A. Mason, an orthopedic surgeon, Dr. Donald T. Smith, a neurosurgeon, Dr. Richard F. Berg, an orthopedic surgeon, Dr. Orville M. Jones, an orthopedic surgeon, Dr. L. Phaon Gambee, an orthopedic surgeon, Dr. Theodore J. Pasquesi, an orthopedic surgeon and Dr. Edward E. Rosenbaum, an internist specializing in rheumatoid diseases. Dr. Stevens is a general surgeon.

"Claimant stated her duties used to require that she open 150 to 200 letters per day by hand but she was finally furnished with an automatic letter opener on some unspecified date. She stated she was required to index, stamp and post all probate, juvenile and adoption matters and for a time used a metal seal, but for some time has used a rubber stamp instead. She stated she was required to lift, carry and replace large ledger-type books weighing up to 38 pounds, and to do a lot of filing. She stated she also filled a pop machine owned by the employee's association necessitating that she carry 24 bottle cases of pop.

"Claimant stated she began to have problems with her left arm in July, 1972, with pain starting in the elbow tendon because she favored her right arm all the time. She stated her condition has been getting progressively worse. If she doesn't do anything she is in constant pain but if she does anything she is in severe pain from her shoulders to her elbows. She stated she is no longer able to do any housework. She stated all she does anymore is fix her husband's and son's lunch, load the dishwasher, fix an oven dinner and watch T.V. She stated she has not looked for work and does not intend to look for work as there is nothing she can do to earn a livelihood.

"Her diagnoses, depending on the doctor, range from myocitis through calcific bursitis and tendoni-

tis of the posterior rotator cuff with generalized myofascitis of the muscles in the arm, elbow region and shoulder; epicondylitis and tendonitis involving her right elbow, shoulder and neck; neurosis; moderate disc degeneration and osteoarthritis at C4-5-6-7 and calcific tendonitis of the shoulders, moderate on the left and minimal on the right; chronic degenerative arthritis and disc disease of the cervical and dorsal spine; chronic calcific subacromial changes of the right shoulder, paratendonitis calcarea; polycythemia, albuminiuria and intrinsic hepatic disease.

"* * * * *."

Claimant's testimony about the progression of pain and her inability to work, even in the home, was corroborated by several witnesses. Her treating doctor was of the opinion claimant "is not at this time or any time in the future capable of regularly performing work at a gainful or suitable occupation." The hearing referee thought "the majority of claimant's disability [resulted] from a psychopathology." We do not agree.

Our examination of the record convinces us that claimant, because of the continuing pain in her arms and shoulders, is not capable of regularly performing work at a gainful and suitable occupation. We agree with the Workmen's Compensation Board which found:

"* * * * *

"* * * It is sufficient to note that the doctors are in general agreement as to the disabling consequences of claimant's compensable residuals. The totality of the evidence sustains the claimant's contention that she is unable to regularly perform work at a gainful and suitable occupation. * * *

"* * * * * *."

Affirmed.